**United States District Court**

For the Northern District of California

1
2
3
4
5          UNITED STATES DISTRICT COURT
6          NORTHERN DISTRICT OF CALIFORNIA
7
8    JOHN SMITH III,                          No. C-03-4646 CRB (EMC)
9              Plaintiff,
10   v.
                                              **ORDER GRANTING IN PART AND**
11   UNITED PARCEL SERVICE, INC.,             **DENYING IN PART PLAINTIFF'S**
                                              **MOTION TO COMPEL PRODUCTION**
12             Defendant.                     **OF DOCUMENTS**
                                              **(Docket No. 49)**
13
14   _____/
15
16        Plaintiff John Smith III filed suit against Defendant United Parcel Service, Inc. ("UPS") for

17   (1) race discrimination in violation of Title VII; (2) race discrimination in violation of California

18   Government Code § 12940; (3) wrongful termination in violation of public policy; and (4)

19   termination for association with a political organization in violation of California Labor Code §

20   1101.  Pending before the Court is Mr. Smith's motion to compel the production of documents.

21   Having considered the parties' briefs and accompanying submissions, the Court hereby GRANTS in

22   part and DENIES in part the motion to compel.

23                          **I.    DISCUSSION**

24   A.    RFP No. 10

25        In RFP No. 10, Mr. Smith asked UPS to produce all complaints of racial harasssment or

26   discrimination at the facility where he worked from April 2000 to the present.  The motion to compel

27   with respect to this request is granted in part and denied in part.  The motion is denied to the extent

28   Mr. Smith seeks complaints related to decisionmakers and related persons *other than* Ms. Cooper

**United States District Court**

For the Northern District of California

1   (Mr. Smith's former manager), Mr. Gramm (Ms. Cooper's supervisor), Ms. Rose (the UPS security

2   manager who conducted the investigation into Mr. Smith), and Mr. Tuck (a security supervisor who

3   conducted part of the investigation into Mr. Smith).[1]  The motion is granted to the extent that UPS

4   should produce documents evidencing or relating to complaints against those four individuals from

5   the period of April 2000 to the present.  *See* Lee Decl. ¶ 3 (stating that files were reviewed for the

6   period "between 2001 and December 2003" only).  The motion is also granted to the extent that UPS

7   should produce documents without redacting the names of the complainants, subject to an attorney's

8   eyes only protective order to protect the privacy rights of the complainants.

9   B.   RFP No. 20

10         RFP No. 20 is essentially duplicative of RFP No. 10.

11   C.   RFPs Nos. 29, 30, 48, 50, 51, and 52

12         In RFPs Nos. 29-30, Mr. Smith asked UPS to produce documents related to the loss or theft

13   of packages from the facility where he was employed from January 2000 to the present and the

14   tracking reports for such packages.

15         In RFPs Nos. 48 and 50-52, Mr. Smith asked for documents related to claims paid on lost or

16   stolen packages which disappeared from delivery routes based at the facility where he was employed,

17   including but not limited to the routes designated 80a, 80b, and 80c, from January 2000 to July 23,

18   2002 (the date of his termination).

19         The Court rejects UPS's argument that the requests are overbroad because they implicate not

20   only packages that were stolen but also packages that were missing or lost.[2]  Mr. Smith's position is

21   that the packages that he purportedly stole may in fact have only been missing or lost and that the

22   real reason for his termination was based on race.  In addition, the Court rejects UPS's argument that

23

24         [1] *See Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 354-55 (6th Cir. 1998) (stating

25   that "[discriminatory] remarks by those who did not independently have the authority or did not directly exercise their authority to fire the plaintiff, but who nevertheless played a meaningful role in the decision

26   to terminate the plaintiff, were relevant"); *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 227 (5th Cir. 2000) ("[I]t is appropriate to tag the employer with an employee's age-based animus if the evidence

27   indicates that the worker possessed leverage, or exerted influence, over the titular decisionmaker.").

28         [2] It is not clear whether, for other requests, UPS has made the same objection based on the distinction between stolen and missing or lost packages.

2

**United States District Court**

For the Northern District of California

1   the requests are overbroad because the relevant decisionmakers and related persons include not only

2   Ms. Cooper and Mr. Gramm but also Ms. Rose and Mr. Tuck.  Moreover, the Court notes that UPS

3   should produce not only documents regarding investigations into other suspected thefts (or missing

4   or lost packages) while Ms. Cooper was Mr. Smith's manager but also documents regarding

5   investigations into other suspected thefts (or missing or lost packages) while Ms. Cooper, Mr.

6   Gramm, Ms. Rose, and Mr. Tuck served in a decisionmaking or related capacity, regardless of

7   whether at that time they were in a decisionmaking or related capacity with respect to Mr. Smith.

8   *See* Opp'n at 2 ("UPS has gone a step further and also produced all documents regarding

9   investigations into other suspected thefts of packages from plaintiff's package center *while Cooper*

10  *was plaintiff's manager*.") (emphasis added).  Thus, documents commencing with date at which the

11  first of these four supervisors began working at the facility in question, but no earlier than April

12  2000, are relevant.

13          That being said, the Court shall not require UPS to produce all documents responsive to the

14  requests because of burden.  More specifically, at the hearing, UPS clarified that, based on the

15  requests above, two databases of information are implicated: (1) a tracking database and (2) a claims

16  database.  UPS has provided sufficient evidence to show that the burden of producing discovery with

17  respect to the tracking database outweighs the benefit.  *See* Fed. R. Civ. P. 26(b)(2)(iii).  As for the

18  claims database, it appears that UPS can produce at least some responsive documents without any

19  undue burden.  More specifically, UPS can produce documents within the timeframe of the last 15

20  months.  Moreover, based on the Vandermeyde declaration, there is a backup database for the claims

21  database for the 15 months prior to that.  UPS has not made any argument that production from the

22  backup database is unduly burdensome but, if it intends to do so, then it must alert the Court by this

23  **Monday, September 26, 2005**.  UPS is forewarned that the Court does not receive any burden

24  argument likely and that, if the information can be retrieved from the backup database through

25  normal and reasonable electronic recovery techniques, then the Court will order the documents to be

26  produced.  UPS is also forewarned that, as it currently stands, the Vandermeyde declaration is

27  insufficient in that it fails to specify what happens with information on the backup database after 15

28

3

**United States District Court**

For the Northern District of California

1   months (*e.g.*, it is destroyed pursuant to a document retention policy without possibility of

2   recovery?).

3   D.    <u>RFP No. 31</u>

4   _____In RFP No. 31, Mr. Smith asked UPS to produce documents relating to any disciplinary

5   actions taken against an employee as a result of the loss or theft of a package(s) from the facility

6   where he worked from January 2000 to the present.  The motion to compel is granted to the extent

7   that documents related to not only Ms. Cooper but also Mr. Gramm, Ms. Rose, and Mr. Tuck should

8   be produced.  As above, UPS should produce documents while Ms. Cooper, Mr. Gramm, Ms. Rose,

9   and Mr. Tuck served in a decisionmaking or related capacity, regardless of whether at that time they

10  were in a decisionmaking or related capacity with respect to Mr. Smith.  *See* Opp'n at 7 ("UPS only

11  produced documents relating to discipline *while Cooper managed plaintiff* . . . .") (emphasis added).

12  In addition, UPS should produce all documents related to disciplinary actions, and not just, *e.g.*,

13  disciplinary warning letters.  Finally, UPS should produce not only documents related to disciplinary

14  actions but also documents related to investigations into suspected thefts (or missing or lost

15  packages), which did not result in any discipline.

16  _____The motion to compel is also granted to the extent that UPS should produce documents

17  without redacting the names of the employees, subject to an attorney's eyes only protective order to

18  protect the privacy rights of the employees.

19  E.    <u>RFP No. 53</u>

20  In RFP No. 53, Mr. Smith asked UPS to produce documents identifying any person hired or

21  promoted to management positions from May 2002 to December 2003 at the facility where he

22  worked.  The motion to compel is granted.  UPS should produce documents without redacting the

23  names of the employees, subject to an attorney's eyes only protective order to protect the privacy

24  rights of the employees.

25  F.    <u>RFP No. 58</u>

26  In RFP No. 53, Mr. Smith asked UPS to produce all DIAD (Driver Information Acquisition

27  Devices) reports from January 2000 to July 23, 2002, on all routes based at the facility where he

28  worked.  According to Mr. Smith, the DIAD reports are records from pads actually made by drivers

**United States District Court**

For the Northern District of California

1   as they deliver on their route. *See* Mot. at 10. The motion to compel is denied because UPS has

2   already produced the DIAD reports relating to Mr. Smith (thus allowing him to identify which truck

3   he drove on the day at issue) and, based on the Conen declaration, the reports do not appear to

4   indicate whether a package was scanned correctly. *See* Conen Decl. ¶ 12.

5   **II.   DISCUSSION**

6        For the foregoing reasons, Mr. Smith's motion to compel is granted in part and denied in

7   part. Given the upcoming hearing on UPS's motion for summary judgment, the Court orders UPS to

8   produce documents as described above by **September 29, 2005**.

9        This order disposes of Docket No. 49.

10

11       IT IS SO ORDERED.

12

13  Dated:  September 21, 2005

14

15                                       EDWARD M. CHEN
                                     United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28