1  DANIEL RAY BACON (Cal. State Bar No. 103866)
   AARON S. GORFEIN (Cal. State Bar No. 183295)
2  LAW OFFICES OF DANIEL RAY BACON
   234 Van Ness Avenue
3  San Francisco, CA  94102
   Telephone:  (415) 864-0907
4  Facsimile:  (415) 864-0989

5  JEFFREY D. WOHL (Cal. State Bar No. 96838)
   KATHERINE L. KETTLER (Cal. State Bar No. 231586)
6  DANIEL E. WALDMAN (Cal. State Bar No. 223034)
   PAUL, HASTINGS, JANOFSKY & WALKER LLP
7  55 Second Street
   Twenty-Fourth Floor
8  San Francisco, CA  94105-3441
   Telephone:  (415) 856-7000
9  Facsimile:  (415) 856-7100

10 Attorneys for Defendant
   UNITED PARCEL SERVICES, INC.
11

12                    UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

14

| | |
|---|---|
| JOHN SMITH, III, | CASE NO. 03 4646 CRB (EMC) |
| Plaintiff, | **AMENDED CONFIDENTIALITY AGREEMENT AND [PROPOSED] STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION AND ATTORNEYS' EYES ONLY INFORMATION** |
| vs. | |
| UNITED PARCEL SERVICE, INC., | |
| Defendant. | |

AMENDED CONFIDENTIALITY AGREEMENT
AND STIPULATED PROTECTIVE ORDER RE:                    CASE NO. 03 4646 CRB (EMC)
CONFIDENTIAL INFORMATION

Pursuant to the Order of the Honorable Magistrate Judge Edward M. Chen on September 21, 2005, plaintiff John Smith, III and defendant United Parcel Service, Inc. ("UPS") (collectively referred to in this agreement as the "Parties"), acting through their respective counsel of record, hereby stipulate and agree to the following amended Protective Order and Confidentiality Agreement:

1. The Parties and/or third-parties have produced or will produce, in connection with discovery proceedings in this action, information and/or documents consisting of or referencing confidential information, including but not necessarily limited to (1) plaintiff's medical records and medical condition; (2) UPS's business operations; (3) UPS's policies; and (4) information concerning customers. This information and documents are called "CONFIDENTIAL INFORMATION" in this stipulation.

2. UPS is ordered to produce private employee information concerning non-party UPS employees. This information and documents are called "ATTORNEYS' EYES ONLY INFORMATION" in this stipulation.

3. If CONFIDENTIAL INFORMATION has already been produced in discovery, it will be deemed already so designated. If it has not yet been produced in discovery, the Party who wishes to so designate it will do so by means of written notice given to the other Party as soon as is practicable in connection with its production, including but not limited to marking the document "CONFIDENTIAL INFORMATION."

4. If ATTORNEYS' EYES ONLY INFORMATION has already been produced in discovery, it will be deemed already so designated. If it has not yet been produced in discovery, the Party who wishes to so designate it will do so by means of written notice given to the other Party as soon as is practicable in connection with its production, including but not limited to marking the document "ATTORNEYS' EYES ONLY INFORMATION."

5. To safeguard the confidentiality of CONFIDENTIAL INFORMATION, and ATTORNEYS' EYES ONLY INFORMATION it will be maintained as set forth in this agreement.

6. CONFIDENTIAL INFORMATION and ATTORNEYS' EYES ONLY

AMENDED CONFIDENTIALITY AGREEMENT
AND STIPULATED PROTECTIVE ORDER RE:        -2-         CASE NO. 03 4646 CRB (EMC)
CONFIDENTIAL INFORMATION

INFORMATION will be used by the Parties solely for the purposes of the prosecution and/or defense in this action.

7. CONFIDENTIAL INFORMATION will not be disclosed in any manner to anyone other than the following, who will agree to maintain its confidentiality:

    a. counsel of record in this action who are actively engaged in the conduct of this litigation, and the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the litigation;

    b. Plaintiff John Smith III;

    c. management personnel of Defendant UPS who are involved in the management of this litigation or whose assistance counsel for UPS seeks in defending the Company against Plaintiff's claims in this action;

    d. in-house counsel of Defendant UPS

    e. experts or consultants assisting counsel in the effort to settle this action or to prosecute this action;

    f. this Court and its personnel, including stenographic reporters regularly employed by the Court;

    g. any neutral person who may be selected by the Parties to preside over their private mediation or early neutral evaluation;

    h. stenographic and video-graphic reporters responsible for depositions taken in the case.

    i. witnesses at deposition or trial (and only during or in preparation for a deposition or trial) and who on the record agree to keep the information confidential; and

    j. at trial without prior notice except the notice normally required for introduction of documents at trial.

8. The Parties will not disclose ATTORNEYS' EYES ONLY INFORMATION in any manner to anyone other than the following, who will agree to maintain its confidentiality:

        a.    counsel of record for the parties in this action, who are actively engaged in the conduct of this litigation and the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the litigation.

        b.    at trial, deposition, or hearing before the Court, but only with prior leave of Court after reasonable notice to the producing party and application to the Court, subject to any additional protective order imposed at that time.

9. In the event that a Party challenges the designation of information and/or documents as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION, that Party must do so in good faith and will so notify the other Party in writing. The burden will then fall on the Party making the designation to obtain an order of the Court upholding the designation. The designation made by the Party will be respected by the other Party, and the information and/or documents designated CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION will not be used in a manner inconsistent with this agreement, until either (a) 15 days pass after that other Party gave notice of the challenge to the designation, and the Party making the designation fails to file a motion for an order of the Court upholding the designation; or (b) a motion timely made is denied by the Court.

10. In the event that a Party seeks to file with the Court a document containing or constituting CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION, that Party will first file the document under seal pursuant to United States District Court of California, Northern California District Local Rule 79-5. If the Court refuses to uphold the confidentiality requested or accepts the documents as filed, the documents may be filed.

11. Entering into, agreeing to and/or complying with the terms of this agreement will not:

        a.    operate as an admission that any particular designated material constitutes, contains or reflects trade secrets, proprietary or commercial information or other confidential matter;

AMENDED CONFIDENTIALITY AGREEMENT
AND STIPULATED PROTECTIVE ORDER RE:    -4-    CASE NO. 03 4646 CRB (EMC)
CONFIDENTIAL INFORMATION

       b.      prejudice in any way the right of any Party to object to the production of documents or information it considers not subject to discovery or to seek a Court determination whether particular designated material should be produced;

       c.      prejudice in any way the right of any Party to apply to the Court to rescind or modify the terms of this Protective Order or to move the Court for a further protective order;

       d.      prejudice in any way the right of any Party to use, or object to the use of, any CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION at any hearing or at trial, subject to the provisions of this Protective Order;

       e.      affect the obligations of any Party or person to comply with the terms of any compulsory process; or

       f.      be construed as a waiver by either Party of any discovery objection.

12.    This agreement will be effective from the date on which it is signed by counsel for the Parties. Upon conclusion of this action, documents containing CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION, and all copies and electronic images of those documents, will be returned to the Party who or which produced it not later than 30 days after a final judgment or dismissal is entered.

13.    The Parties and their counsel are responsible for employing reasonable measures to control, consistent with this agreement, duplication of, access to, discussion of and distribution of copies of CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION, including obtaining enforceable non-disclosure agreements from any third Party, authorized to receive CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION pursuant to this stipulation, to whom CONFIDENTIAL INFORMATION OR ATTORNEYS' EYES ONLY INFORMATION IS DISCLOSED.

//

//

1  14. This agreement may be signed in counterpart originals, with each having the same
2  effect as a single original.

3  DATED: September 26, 2005    DANIEL RAY BACON
4                               AARON S. GORFEIN
                                 LAW OFFICES OF DANIEL RAY BACON

6                               By: _____
7                                   AARON S. GORFEIN
                                    Daniel Ray Bacon

8                               Attorneys for Plaintiff
                                JOHN SMITH, III

9
10 DATED: September 26, 2005    JEFFREY D. WOHL
                                 KATHERINE L. KETTLER
11                               DANIEL E. WALDMAN
                                 PAUL, HASTINGS, JANOFSKY & WALKER LLP

13                              By: _____
14                                  DANIEL E. WALDMAN

15                              Attorneys for Defendant
                                UNITED PARCEL SERVICE, INC.

17 PURSUANT TO STIPULATION, IT IS SO ORDERED

18 DATED:     September 28, 2005

                                _____
19                              HONORABLE EDWARD M. CHEN
20                              UNITED STATES MAGISTRATE JUDGE

[Seal: United States District Court, Northern District of California — Judge Edward M. Chen]

**Exhibit "A"**

By signing this document, I hereby certify that I have read the Confidentiality Agreement in *John Smith III v. United Parcel Service, Inc.*, Case No. 03 4646 CRB, and hereby agree to abide by its terms and conditions. I also understand that any violation of the Confidentiality Agreement by me or anyone acting under my direction may subject me penalties for contempt of court. I hereby consent to the Court's personal jurisdiction over me.

_____
SIGNATURE

_____
NAME (PRINTED)

AMENDED CONFIDENTIALITY AGREEMENT
AND STIPULATED PROTECTIVE ORDER RE:     -7-     CASE NO. 03 4646 CRB (EMC)
CONFIDENTIAL INFORMATION