1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11   JOHN SMITH III,                          No. C 03-04646 CRB
12              Plaintiff,                     **MEMORANDUM AND ORDER**
                                               **GRANTING SUMMARY JUDGMENT**
13      v.
14   UNITED PARCEL SERVICE,
15              Defendant.
16   _____/
17          This is an employment discrimination action based on race in which defendant has
18   filed a motion for summary judgment as to all four claims in the Complaint, including claims
19   under Title VII of the Civil Rights Act of 1964 and California Government Code section
20   12940 (FEHA) for race discrimination and associational discrimination, wrongful
21   termination as a violation of public policy, and California Labor Code section 1101.  After
22   carefully considering the parties' briefs, including multiple rounds of supplemental briefing,
23   and with the benefit of oral argument, the Court hereby GRANTS defendant's motion.
24                                    **BACKGROUND**
25   **I.     Factual Background**
26          Defendant hired plaintiff on August 3, 1988, as a package car driver in its Eastshore
27   package center in Richmond, California.  Plaintiff drove a brown package truck and
28   delivered and picked up packages along a particular route, which routinely ran through the
     campus of the University of California at Berkeley.  In March 2002, defendant introduced an

**United States District Court**

For the Northern District of California

United States District Court

For the Northern District of California

1   auditing system which scanned packages every time they exchanged hands, including prior to

2   being placed in a package car early in the morning.  If a driver did not scan a package at

3   delivery, or obtain some other proof of delivery, the scanning system produced a "scan

4   exception" report for that driver noting the absence of some proof of delivery.

5          On July 11, 2002, defendant received a report showing that three packages were

6   missing which were purportedly on plaintiff's route.  The packages contained computer

7   monitors.  Plaintiff and his supervisor, Rebecca Cooper, met that day along with a union shop

8   steward to discuss the scan exception.  At that meeting, Cooper showed plaintiff the report

9   with the scan exceptions.  It is undisputed that plaintiff agreed to get proof of delivery for the

10  missing packages.  After plaintiff failed to get a proof of delivery before going on vacation

11  two days later, defendant commenced an investigation.  When plaintiff returned to work,

12  Cooper and defendant's investigator visited the destination of the packages to ask if they had

13  been received.  Plaintiff joined them there.  It is undisputed that three people from the

14  destination office said the packages were never delivered.

15         On July 23, 2002, defendant terminated plaintiff for theft pursuant to the collective

16  bargaining agreement.  The International Brotherhood of Teamsters represented defendant's

17  package drivers, and the terms and conditions of the drivers' employment were governed by

18  a collective bargaining agreement between the union and defendant.  Pursuant to the

19  collective bargaining agreement, plaintiff appealed the decision to a neutral, third-party

20  arbitrator selected from a list mutually agreed upon by the union and defendant.  On

21  November 14, 2004, the arbitrator upheld defendant's termination for theft based on a good

22  cause standard.  Plaintiff did not raise any race-based claims in front of the arbitrator; rather,

23  he challenged his termination based on the argument that he did not steal the packages.

24         On October 15, 2003, prior to the arbitrator's ruling, plaintiff filed this action and

25  amended his Complaint on June 18, 2004.  On September 2, 2005, defendant filed this

26  motion for summary judgment.  On October 26, 2005, the Court granted plaintiff leave to

27  notice and take the depositions of two more witnesses.  The Court heard oral argument on

28  December 16, 2005, after which time plaintiff was granted leave to file a motion to compel

2

1  with a magistrate judge.  Plaintiff did not file a supplemental brief based on the additional

2  discovery received as a result of the motion to compel.

3  **II.    Remaining Claims**

4      Plaintiff has withdrawn his fourth claim under the California Labor Code, and the

5  Court accordingly DISMISSES that claim with prejudice.  In addition, plaintiff has not

6  opposed the motion for summary judgment as to his associational discrimination claims.  As

7  a result, defendant's motion for summary judgment as to those claims is GRANTED.

8  Plaintiff's remaining three claims are analyzed under the same <u>McDonnell-Douglas</u> analysis.

9  <div align="center">**DISCUSSION**</div>

10  **I.    Summary Judgment Legal Standard**

11      Summary judgment is proper when "the pleadings, depositions, answers to

12  interrogatories, and admissions on file, together with the affidavits, if any, show that there is

13  no genuine issue as to any material fact and that the moving party is entitled to a judgment as

14  a matter of law."  Fed. R. Civ. P. 56(c).  An issue is "genuine" only if there is a sufficient

15  evidentiary basis on which a reasonable fact-finder could find for the nonmoving party, and a

16  dispute is "material" only if it could affect the outcome of the suit under governing law.  <u>See</u>

17  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248-49 (1986).  A principal purpose of the

18  summary judgment procedure "is to isolate and dispose of factually unsupported claims."

19  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-24 (1986).  "Where the record taken as a whole

20  could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine

21  issue for trial.'"  <u>Matsushita Elec. Ind. Co. v. Zenith Radio</u>, 475 U.S. 574, 587 (1986).

22  **II.    Analysis**

23      Under the familiar <u>McDonnell-Douglas</u> test, the plaintiff must first establish a prima

24  facie case by showing: (1) he belongs to a protected class, (2) he was qualified for the

25  position, (3) he suffered an adverse employment action, and (4) some other circumstance

26  indicates a discriminatory motive, such as similarly qualified individuals being treated more

27  favorably.  <u>See</u> <u>Godwin v. Hunt Wesson, Inc.</u>, 150 F.3d 1217, 1220 (9th Cir. 1998).  Once

28  plaintiff establishes a prima facie case of discrimination, the burden shifts to defendant to

<div style="text-align: left; writing-mode: vertical">**United States District Court**
For the Northern District of California</div>

<div align="center">3</div>

United States District Court

For the Northern District of California

1   articulate a legitimate nondiscriminatory reason for the termination.  Id.  If defendant meets

2   this burden of production, the burden shifts back to plaintiff to establish that defendant's

3   proffered reason was a pretext for discrimination.  See St. Mary's Honor Ctr. v. Hicks, 509

4   U.S. 502 (1993).  If plaintiff demonstrates pretext, then the burden-shifting framework

5   disappears, and the only remaining issue is "discrimination *vel non*."  See Aragon v.

6   Republic Silver State Disposal, Inc., 292 F.3d 654, 659 (9th Cir. 2002) (citations omitted).

7   Although the burden of production shifts, "[t]he ultimate burden of persuading the trier of

8   fact that the defendant intentionally discriminated against the plaintiff remains at all times

9   with the plaintiff." Texas Dept. of Comm. Affairs v. Burdine, 450 U.S. 248, 253 (1981).

10        **A.     Prima Facie Case**

11        Defendant contends that plaintiff cannot make out a prima facie case because he

12  cannot identify a similarly situated employee of another race who was treated differently.  In

13  addition, it is unclear whether he was even qualified for his job since he was allegedly

14  terminated for stealing merchandise, which is an offense that leads to immediate termination

15  for cause under the collective bargaining agreement.  Plaintiff primarily relies on evidence

16  showing that comparators were treated differently.  For the purposes of this motion, however,

17  the Court will assume *arguendo* that plaintiff has met the low burden of proving a prima

18  facie case.  Because plaintiff's arguments concerning comparators are crucial to his argument

19  that defendant's termination was pretextual, the Court addresses that argument below.

20        **B.     Legitimate Non-Discriminatory Reason**

21        In order to satisfy its burden of production of a legitimate non-discriminatory reason

22  for the termination, "the defendant must clearly set forth, through the production of

23  admissible evidence, reasons for its actions which, *if believed by the trier of fact*, would

24  support a finding that unlawful discrimination was not the cause of the employment action."

25  Raad v. Fairbanks North Star Borough Sch. Dist., 323 F.3d 1185, 1193 (9th Cir. 2003)

26  (emphasis in original) (citations omitted).  To this end, defendant asserts it had a reasonable,

27  good-faith belief, based on an investigation conducted pursuant to its own bargained-for

28  procedures, that plaintiff stole the three packages that went missing on July 10.

United States District Court

For the Northern District of California

1   Defendant asserts that it followed proper procedures in investigating the missing

2   packages in question.  Plaintiff does not dispute defendant's version of events regarding the

3   missing packages, conversations between plaintiff and UPS personnel surrounding those

4   packages, and the fact that plaintiff said he would get proof of delivery but never did.

5   Defendant asserts, also unopposed by plaintiff, that he was present when Cooper and Julie

6   Rose, an investigator for UPS, visited the delivery address and were told by three employees

7   there that the packages never arrived.  In sum, defendant has submitted sufficient undisputed

8   evidence supporting its decision to terminate plaintiff to satisfy its burden of production of a

9   legitimate non-discriminatory reason.

10  In addition, defendant also asserts that the arbitration decision favoring defendant

11  shows that there was no discrimination because defendant had good cause to terminate

12  plaintiff at the time of its decision.  Plaintiff objects to relying on the arbitration decision

13  because it cannot be used for collateral estoppel or res judicata purposes.  While plaintiff is

14  correct that the arbitration cannot be used for collateral estoppel or res judicata purposes to

15  defeat a prima facie case of race discrimination, it can be used to support defendant's

16  assertion of a legitimate, non-discriminatory reason for firing plaintiff and to defeat

17  plaintiff's claim of pretext.  See Alexander v. Gardner-Denver Co., 415 U.S. 36, 60 n.21

18  (1974) (noting that courts have discretion to decide how much weight to give an arbitration

19  decision).  In effect, the arbitration is one of several indices showing that defendant

20  reasonably believed that plaintiff stole the packages, which, under the collective bargaining

21  agreement, is grounds for automatic termination.

22  Plaintiff does not dispute that the arbitration process was properly conducted

23  according to the collective bargaining agreement, nor does he dispute that the arbitrator was

24  not neutral, independent or unbiased.  Plaintiff, however, asserts that he decided not to

25  pursue his claims of race discrimination in the arbitration, as is his right to do, and therefore

26  the arbitration decision has little relevance to this action.  Yet plaintiff did allege in his

27  arbitration that he did not steal the packages.  Based on substantial evidence, including

28  evidentiary hearings and admission of a number of exhibits, the arbitrator determined that

defendant had "good cause" to believe that plaintiff did steal the monitors and upheld the termination. Where, as here, a mutually agreed-upon arbitrator determines that a termination is proper, the decision "is highly probative of the absence of discriminatory intent in that termination." Collins v. New York City Transit Authority, 305 F.3d 113, 119 (2d Cir. 2002) (holding that where an arbitrator's decision upholding a termination is based on substantial evidence, a Title VII plaintiff must present strong evidence that the decision was wrong as a matter of fact in order to survive a motion for summary judgment).[1] Even though the arbitration has no direct influence on plaintiff's race discrimination claim, it is relevant to support defendant's explanation for the termination as a legitimate non-discriminatory reason. As a result, the arbitrator's decision raises the bar plaintiff must hurdle to show that the termination was a pretext for race discrimination.

### C.    Pretext

After defendant satisfies its burden of production of a legitimate non-discriminatory reason, the presumption of discrimination diminishes and plaintiff has a burden of persuasion that defendant's proffered reason is merely a pretext for unlawful discrimination. See Burdine, 450 U.S. at 252. Generally, a plaintiff need only produce "very little evidence of discriminatory motive to raise a genuine issue of material fact." Goodwin v. Hunt Wesson, 150 F.3d 1217, 1220 (9th Cir. 1998). However, "purely conclusory allegations of alleged discrimination, with no concrete, relevant particulars, will not bar summary judgment." Forsberg v. Pac. Northwest Bell Tel. Co., 840 F.2d 1409, 1419 (9th Cir. 1988). A plaintiff must show that defendant's explanation is a pretext by "either directly persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." Aragon v. Republic Silver State Disposal, Inc., 292 F.3d 654, 658-659 (9th Cir. 2002) (citations omitted). Plaintiff's

---

[1]Plaintiff attempts to distinguish Collins on the ground that, unlike here, the arbitration in Collins included the plaintiff's race discrimination claims. Based on a thorough reading of Collins, the Court disagrees. See Collins, 305 F.3d 113, 118 ("Appellant challenged the Transit Authority's decision to fire him and was finally discharged only after the arbitration board made an independent inquiry ... and authorized termination because it found that appellant had assaulted Badr.").

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1  evidence must be both "specific and substantial" to overcome defendant's explanation.  Id. at

2  659.

3        Plaintiff's pretext argument centers around two overlapping arguments supported by

4  indirect evidence.  First, plaintiff offers several reasons why defendant's explanation for his

5  termination is unworthy of credence because he did not steal the packages.  Under this

6  theory, however, plaintiff must show more than that defendant's proffered justification is

7  false.  "Rather, courts only require that an employer honestly believe[] its reason for its

8  actions, even if its reason is 'foolish or trivial or even baseless.'"  Villarimo v. Aloha Island

9  Air, Inc., 281 F.3d 1054, 1063 (9th Cir. 2002).  Therefore, plaintiff must show that defendant

10  did not honestly believe he stole the packages in order to satisfy his burden under this theory,

11  and that the true reason for his termination was his race.  See St. Mary's Honor Ctr. v. Hicks,

12  509 U.S. 502, 507-508 (1993).

13        First, plaintiff denies that he stole the packages.  As outlined above, however, that is

14  not sufficient to show pretext.  Even assuming that plaintiff is correct that he did not steal the

15  packages, he still must show that defendant's conclusion that he stole the packages was

16  unreasonable or false at the time the decision was made.  As a result, plaintiff's contentions

17  that he was driving a different truck than the one at issue; that he gave the packages to

18  someone else to deliver; that the packages could have been stolen by someone else before he

19  began his route; and that someone else was arrested for theft where plaintiff worked a year

20  after the incident all fail to show that defendant's conclusion, supported by a neutral

21  arbitrator, was unreasonable under the circumstances.  Defendant was not aware of plaintiff's

22  assertions that he drove a different truck or that he gave some packages to a different driver.

23  Even if both assertions were true, the fact that defendant's records showed otherwise and that

24  plaintiff never brought either explanation to the attention of his supervisor supports a

25  determination that defendant's conclusion was reasonable.  Naturally, defendant cannot be

26  held responsible for knowing that someone would be arrested for theft one year after this

27  incident, nor can defendant be required to account for every hypothetical explanation as to

28  how the packages went missing.  As the arbitrator confirmed, defendant had a good faith

7

United States District Court

For the Northern District of California

1   belief that plaintiff stole the packages.  Plaintiff has failed to show with admissible

2   supporting evidence that there is a genuine issue of material fact regarding defendant's

3   reasons for terminating him.

4          Second, plaintiff's allegations regarding defendant's discriminatory intent fall short of

5   a sufficient showing to dissuade the Court of its conclusion that defendant reasonably

6   believed that plaintiff stole the packages and therefore terminated him.  From the outset,

7   plaintiff faces two significant yet not dispositive obstacles to prove this theory.  First,

8   plaintiff's supervisor, Cooper, who oversaw the investigation and termination of plaintiff is

9   also black.  Second, 48 percent of defendant's drivers are black.  See Decl. of Roddrick Lee ¶

10  4.  While the Court need not determine whether either fact defeats plaintiff's claims, they no

11  doubt increase plaintiff's burden to show pretext.

12         Plaintiff argues that defendant treated similarly situated drivers outside of his

13  protected class more favorably.  See Vasquez v. County of Los Angeles, 349 F.3d 634, 641

14  (9th Cir. 2003) ("A showing that the County treated similarly situated employees outside

15  Vasquez's protect class more favorably would be probative of pretext.").  Plaintiff attempts

16  to make this showing by identifying other drivers who also appeared on audit scans because

17  packages were missing but did not have proofs of delivery.  Plaintiff contends that there is no

18  indication that the non-black drivers who appeared on these lists provided proof of delivery,

19  were investigated, or were terminated.

20         To identify a proper comparator, plaintiff must "point to individuals who have dealt

21  with the same supervisor, have been subject to the same standards, and engage in the same

22  conduct without any mitigating or distinguishing circumstances." Clark v. Runyon, 218 F.3d

23  915, 918 (8th Cir. 2000).  In this particular situation, it appears that a proper comparator

24  would be: (1) a non-African-American driver, (2) who appeared on an audit scan list because

25  packages were not documented as delivered, (3) was told that proof of delivery was

26  necessary, (4) agreed to do so but (5) never provided proof, and where (6) the packages were

27  never discovered and (7) the driver was not terminated.  If all of these requirements are not

28

**United States District Court**

For the Northern District of California

1   satisfied, the Court cannot determine with confidence that impermissible race discrimination

2   is the proper inference to be drawn from the different treatment.

3         The only two individuals plaintiff has identified as proper comparators are non-

4   African American drivers who failed to scan packages, could not show proof of delivery, and

5   were not terminated.[2]  One was suspended for one day and the other was given a warning.

6   <u>See</u> Decl. of Aaron Gorfein, Ex. T.  Plaintiff does not provide evidence that the packages

7   were never discovered or that proof of delivery was never delivered for either or both of the

8   putative comparators.  Even assuming they are true comparators, defendant presents evidence

9   that, in both cases, the packages were either discovered or were never missing.  <u>See</u> Supp.

10  Decl. of Rebecca Cooper at ¶¶ 6, 7.  Therefore, the Court finds that plaintiff has not shown

11  that similarly situated individuals of another race were treated more favorably than plaintiff.

12        Plaintiff also argues that proof of discrimination against other members of the same

13  protected class can create an inference of discrimination in this situation.  To this end,

14  plaintiff contends that the *only* other driver to be terminated by Rebecca Cooper, who is

15  black, was another African-American man.  Plaintiff also contends that Cooper fired another

16  African-American man after she alleged that he made threats to her and had to be physically

17  restrained.  Yet the admissible evidence plaintiff submits in support of this argument does not

18  reveal any discrimination by Cooper based on race.  In the first instance, Cooper apparently

19  fired the individual for theft.  The evidence does not indicate that race was even an issue in

20  the termination, and the Court finds no reason to believe the termination was inappropriate.

21  In the second instance, no evidence submitted by plaintiff indicates race played a role in the

22  altercation.  As a result, the Court finds plaintiff has not proved that Cooper discriminated

23  against other members of plaintiff's protected class.  Accordingly, no reasonable trier of fact

24  could draw an inference of discrimination here.

25

26  _____

27       [2]The Court agrees with defendant's assertion that individuals who appeared on a "claims paid" list, which identifies claims that defendant paid on missing packages, are not

28  proper comparators because plaintiff was not terminated because of claims paid by defendant.

**United States District Court**

For the Northern District of California

1

### CONCLUSION

2      For the foregoing reasons, plaintiff has not satisfied his burden of persuasion that his

3 termination was a pretext for race discrimination.  As a result, the Court finds that no

4 reasonable jury could find that plaintiff was terminated because of race discrimination.  Thus,

5 defendant's motion for summary judgment as to the three claims of race discrimination is

6 GRANTED.  Defendant's unopposed motion for summary judgment as to plaintiff's

7 associational discrimination claim is also GRANTED, and plaintiff's withdrawn claim under

8 the California Labor Code is DISMISSED with prejudice.

9      **IT IS SO ORDERED.**

10

11

12 Dated: March 22, 2006

                             CHARLES  R. BREYER
                             UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28